Argued and submitted July 24, 1991, reversed and remanded August 12, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## ALLEN LEE COOK,
*Appellant.*

(10 89 08642; CA A66587)

836 P2d 160

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for unlawful possession of a controlled substance. ORS 475.992. He assigns error to the trial court's denial of his motion to suppress evidence obtained in a search of his belongings after his arrest for a probation violation. We reverse.

Defendant was on probation after a conviction for possession of a controlled substance. His probation officer obtained an arrest warrant for violations of the probation terms. In September, 1989, his probation officer received information that he was at a local store. The officer and two others went there and, after a brief struggle, arrested defendant and patted him down for weapons. He was carrying a leather jacket, a "pager" and more than $140 in cash. One of the officers held the jacket during the drive to the jail. She looked in the pockets and found a pill canister, which appeared to be a bottle for an over-the-counter medication. She testified that she could not tell what the bottle contained. When she opened it, she discovered

> "a little fix kit that contained a syringe cut in half, a glass spoon that had a little bit of marijuana in the bottom of it and a small pocket knife with residue on the blade."

Defendant moved to suppress the evidence from the jacket, arguing that it was obtained as a result of an unlawful search and seizure. The trial court denied the motion, reasoning that, because defendant was on probation, the arresting officers were entitled to search for weapons or evidence of the crime for which he was originally convicted.

■ A search incident to arrest is limited to a search for evidence of the crime for which the person is arrested. As explained in *State v. Owens*, 302 Or 196, 200, 729 P2d 524 (1986):

> "In order to justify a search, incidental to an arrest, the arrest must be for a crime, evidence of which reasonably could be concealed on the arrestee's person or in the belongings in his or her immediate possession at the time of the arrest. Thus, for example, if the person is arrested for a crime which ordinarily has neither instrumentalities nor fruits which could reasonably be concealed on the arrestee's person or in the belongings in his or her immediate possession, no

warrantless search for evidence of that crime would be authorized as incident to that arrest.''

Defendant was arrested for violating the conditions of his probation. Those conditions are not in the record. However, the evidence shows that the violations on which his arrest was based were failure to abide by the directions of the probation department, supplying false weekly reports certifying that he was attending a drug treatment program, failing to notify his probation officer of his address, failing to pay fines, failing to complete a drug treatment program and submitting a positive urinalysis.

■      Although there might be probation violations the evidence of which could be concealed on an arrestee's person or in belongings in the arrestee's immediate possession at the time of arrest, none of the violations on which defendant's arrest was based are of a type for which there could be fruits or instrumentalities that could be concealed. All of the alleged violations of his probation included in this record had already been completed, and there was no need of further evidence to prove them. The search of defendant may not be justified as incident to arrest. Accordingly, the evidence obtained during the search should have been suppressed.

Reversed and remanded.